Cause No. 961278-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 339TH DISTRICT COURT |
| | § | OF |
| ANTHONY QUINN FRANCOIS, Applicant | § | HARRIS COUNTY, TEXAS |

## RESPONDENT'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

RECEIVED IN POST TRIAL
SYSTEMS-DISTRICT CLERK'S
OFFICE

DEC 15 2008

DEPUTY

Mark E. Donnelly
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657 (phone)
(713) 755-5809 (fax)
Texas Bar ID# 24032134

Cause No. 961278-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 339TH DISTRICT COURT |
| | § | OF |
| ANTHONY QUINN FRANCOIS, Applicant | § | HARRIS COUNTY, TEXAS |

## RESPONDENT'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

The Court, having considered the applicant's application for writ of habeas corpus, the Respondent's Original Answer, the November 11, 2008 affidavit of trial counsel Loretta Muldrow, the evidence elicited at the applicant's capital murder trial in cause no. 961278, and official court documents and records, makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1.  The Court finds that, on July 22, 2004, Anthony Quinn Francois, the applicant, was convicted of the felony offense of capital murder involving complainants Brittany and Ashley Patterson, cause no. 961278, in the 339th District Court of Harris County, Texas. On July 28, 2004, the trial court assessed the applicant's punishment at death by lethal injection based on the jury's answers to the special issues set forth in Sections 2(b) and (e) of the Texas Code of Criminal Procedure Article 37.071 (I Ct.R. at 26; IV Ct.R. at 792, 849).

2.  The Court finds that trial counsel Loretta Muldrow and Mack Arnold represented the applicant during the instant capital murder trial.

3.  The Court finds credible the November 11, 2008 affidavit of trial counsel Loretta Muldrow, filed during the instant habeas proceeding, in response to an allegation

1

concerning her representation of the applicant at trial. *See November 11, 2008 affidavit of trial counsel Loretta Muldrow.*

4. The Court finds that, on September 13, 2006, the Court of Criminal Appeals affirmed the applicant's conviction in an unpublished opinion. *Francois v. State,* No. AP-74984, 2006 WL 2615306 (Tex. Crim. App. Sept. 13, 2006)(not designated for publication).

First Ground for Relief: Representation at Trial
-Calling Jadon West as punishment witness

5. Regarding the primary offense, the Court finds that the State presented evidence at guilt-innocence that the applicant became jealous of his girlfriend's interest in another male; that the applicant entered his girlfriend's house with a .45 caliber weapon during the night and shot and killed his girlfriend's three younger sisters, fifteen-year-old Naikeshia, ten-year-old Ashley, and nine-year-old Brittany Patterson; and, that the applicant shot but did not kill his girlfriend and his girlfriend's mother, Shemika and Shelia Patterson, respectively (XVII R.R. at 47-62, 158-161, 170-6, 198-200, 237-9; XVII R.R. at 113, 120-5, 134, 163).

6. The Court finds that, in addition to the guilt/innocence testimony of Shemika and Shelia Patterson regarding the applicant's commission of the primary offense, the State elicited testimony that the applicant talked about killing Shemika Patterson on a couple of occasions before the primary offense; that, a week before the offense, the applicant stated that he planned to kill Shemika Patterson's younger sisters; and, that the applicant gave police a statement admitting to the commission of the instant murders, asserting that he

2

had lost control and was upset with Shemika Patterson (XVIII R.R. at 163-170; XIX R.R. at 73; *State's Ex. 1 and 89*).

7.  The Court finds that, in addition to the guilt/innocence evidence regarding the instant offense, the State presented evidence at punishment that, on April 11, 1985, the applicant was sentenced as a juvenile to the Texas Youth Commission after stipulating to his involvement in a murder and admitting that he obtained the murder weapon during a burglary; that, on March 11, 1988, the applicant was convicted of the misdemeanor offenses of carrying a weapon and evading arrest, cause numbers 8803805 and 8803806 and sentenced to sixty days confinement in the Harris County Jail; that, on February 16, 1989, the applicant was convicted of the felony offense of possession of less than 28 grams of cocaine, cause number 514822, in Harris County, Texas, and sentenced to seven years imprisonment in the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID")[1]; that, on March 8, 1988, the applicant's probation was revoked for the felony offense of burglary of a habitation, cause number 475126, in Harris County, Texas, and the applicant was sentenced to seven years confinement in TDCJ-ID; that, on August 28, 1990, the applicant was convicted of the felony offense of possession of a controlled substance, cause number 54065, in the Criminal District Court of Jefferson County, Texas, and sentenced to ten years imprisonment in TDCJ-ID; that, on October 14, 1991, the applicant was convicted of the felony offense of robbery, cause number 611558, in Harris County, Texas, and sentenced to ten years confinement in TDCJ-ID; and, that, on May 9, 2002, the applicant was convicted of the felony offense of unauthorized use of a motor vehicle, cause number 903775, in Harris County, Texas, and

---

[1] Now the Texas Department of Criminal Justice – Correctional Institutions Division.

sentenced to one-year confinement in the Texas state jail (XXII R.R. at 122; *State's Ex. 92-100*).

8. The Court finds that, during the punishment phase of trial, evidence was presented that the applicant pulled a gun on Cedrick Mims in 1987 when Mims tried to stop a fight; that, in 1988, the applicant fired a gun into the air four times during an argument with his girlfriend; that, in 2002, the applicant pulled a gun on Deanna Ellis' uncle when the uncle tried to stop a fight; and, that the applicant sexually assaulted LaKeyda Patterson in 2002 while she was spending the night with Shemika Patterson (XX R.R. at 84; XXI R.R. at 55-6, 64, 70-6, 83-100).

9. The Court finds that Yvette Zachary testified for the State at punishment regarding the circumstances surrounding the applicant's 1991 Harris County, Texas robbery conviction stating that, on April 22, 1991, Jadon West knocked on the door to her condominium and asked to use the restroom; that Zachary let West into her house because she knew West; that, as Zachary let West exit her apartment, the applicant and another man came into her home with guns; that the applicant pointed a gun at Zachary, took her necklace and some money, and departed; that Zachary did not know the applicant or the third man; that five or six days after the robbery, Zachary was driving and saw the applicant and West in a vehicle; that someone from the applicant's vehicle fired at Zachary with a shotgun; and, that police recovered the shotgun upon the arrest of the applicant and West (XXI R.R. at 15-32).

10. The Court finds that, on cross-examination by the defense, Zachary denied that she had a business relationship with the applicant and Jadon West or that they were mad

4

at Zachary because she had not paid them for transporting drugs for her, and Zachary admitted that her son's father was in federal prison for dealing drugs (XXI R.R. at 26-7).

11. The Court finds that Jadon West testified for the defense at punishment that, contrary to the punishment testimony of State's witness Yvette Zachary, Zachary hired West and the applicant to transport drugs from Houston to Port Arthur, Texas; that Zachary owed West and the applicant three thousand dollars for the drug transport but refused to pay them; that, when Zachary refused to pay them, the applicant, West and a third man robbed Zachary; that the applicant did not have a gun; that West and the applicant had tried to peacefully get Zachary to pay them before deciding to rob her; and, that, several days after the robbery, West and the applicant were involved in a gunfight with other men working for Zachary when West fired a shotgun at Zachary's vehicle, but Zachary was not present during this incident (XXII R.R. at 51-5).

12. The Court finds, based on the trial record and the affidavit of trial counsel Loretta Muldrow, that the jury had already heard evidence that the applicant was convicted of two separate felonies involving possession of a controlled substance when Jadon West testified for the defense at punishment (XXI R.R. at 124-125)

13. The Court finds, based on the trial record and the affidavit of counsel Loretta Muldrow, that the defense adopted the strategy at punishment to attempt to reduce the weight of the State's punishment evidence against the applicant, including the applicant's 1991 robbery of Yvette Zachary; that the defense had investigated the facts surrounding the applicant's conviction for the Yvette Zachary robbery and determined that Zachary was not forthcoming and had actually "conned" West and the applicant out of the proceeds from a conspiracy to sell drugs; and, that the defense presented Jadon West's

5

testimony at punishment in order to lessen the applicant's culpability with respect to that offense and dispel the impression that Zachary was a random, innocent victim. *See November 11, 2008 affidavit of trial counsel Loretta Muldrow.*

14. Moreover, the Court finds, based on the affidavit of trial counsel Loretta Muldrow, that trial counsel presented Jadon West as a witness for the defense at punishment at the applicant's request and with his approval of counsel's strategy. *See November 11, 2008 affidavit of trial counsel Loretta Muldrow.*

15. The Court finds, based on the trial record and the affidavit of trial counsel Loretta Muldrow, that the defense's decision to call Jadon West at punishment was a reasonable trial strategy decision. *See November 11, 2008 affidavit of trial counsel Loretta Muldrow.*

SECOND GROUND FOR RELIEF: LACK OF BURDEN OF PROOF ON MITIGATION

16. The Court finds that the applicant's jury, by its guilty verdict, found that the applicant was guilty of all the elements of capital murder (IV Ct.R. at 792).

17. The Court finds that, at the conclusion of the punishment phase, the trial court instructed the applicant's jury that the mandatory punishment for capital murder was death or life imprisonment (IV Ct.R. at 838).

18. The Court finds that the applicant's jury found that there was a probability that the applicant would commit criminal acts of violence that would constitute a continuing threat to society, and the jury then found that there were no sufficient circumstances which warranted a sentence of life, rather than death (IV Ct.R. at 846-7).

19. The Court finds that, based on the jury's answers to the punishment special issues, the trial court sentenced the applicant to death, as mandated by TEX. CODE CRIM. PROC. art. 37.071 (IV Ct.R. at 846-7).

20. The Court finds that, on direct appeal of the instant cause, the Court of Criminal Appeals rejected the applicant's first point of error alleging that the mitigation special issue was unconstitutional because it failed to require that the State prove, beyond a reasonable doubt, an absence of circumstances that would justify a life sentence, holding that the Court of Criminal Appeals had previously ruled that *Ring v. Arizona*, 536 U.S. 584 (2002), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), do not require the State to bear the burden of proving, beyond a reasonable doubt, that the mitigation issue should be answered in the negative. *Francois*, No. AP-74984, 2006 WL 2615306, at *1 (citing *Resendiz v. State*, 112 S.W.3d 541, 550 (Tex. Crim. App. 2003)).

21. Additionally, the Court further finds that the Court of Criminal Appeals rejected the applicant's fourth point of error on direct appeal, claiming that the trial court erred in denying the applicant's motion to declare the Texas capital sentencing scheme unconstitutional based, in part, on claims that the mitigation special issue is unconstitutional because it fails to place the burden of proof on the State regarding aggravating evidence and permits the type of open-ended discretion prohibited by *Furman v. Georgia*, 408 U.S. 238 (1972). The Court of Criminal Appeals held that it had previously addressed and rejected the applicant's claims, and the applicant had not persuaded the Court that its prior holdings were wrong. *Francois*, No. AP-74984, 2006 WL 2615306, at *1.

22. The Court finds that the applicant did not receive more punishment than the statutory maximum penalty and did not get more punishment than he bargained for when he committed the offense of capital murder, an offense with a minimum punishment of life imprisonment and a maximum punishment of death, pursuant to TEX. CODE CRIM. PROC. art. 37.071.

23. The Court finds that the Court of Criminal Appeals has previously held that *Ring* and *Apprendi* do not require the State to bear the burden of proving beyond a reasonable doubt that the mitigation issue should be answered in the negative. *Resendiz v. State*, 112 S.W.3d 541, 550 (Tex. Crim. App. 2003).

24. The Court finds that the mitigation issue is not constitutionally infirm and that TEX. CODE CRIM. PROC. art. 37.071, specifically the lack of burden of proof concerning the mitigation special issue, does not violate the applicant's due process rights, pursuant to U.S. CONST. amend. XIV. *Renteria v. State*, 206 S.W.3d 689, 707 (Tex. Crim. App. 2006).

## CONCLUSIONS OF LAW

FIRST GROUND FOR RELIEF: REPRESENTATION AT TRIAL
-CALLING JADON WEST AS PUNISHMENT WITNESS

1. The applicant fails to demonstrate deficient performance, much less harm, based on the applicant's ineffective assistance of counsel habeas claim regarding trial counsel calling Jadon West as a punishment witness. *Strickland v. Washington*, 466 U.S. 668, 687-691 (1984).

2. Because trial counsel's decision to call Jadon West as a punishment witness was a reasonable trial strategy decision, the applicant's ineffective claim fails. *Strickland*, 466

8

U.S. at 689 (a reviewing court must indulge a strong presumption that counsel's tactical decisions fall within the wide range of reasonable professional assistance); *Ex parte McFarland*, 163 S.W.3d 743, 757 (Tex. Crim. App. 2005)(defense counsel's decision not to call capital murder defendant's former attorney to testify as a mitigation witness at punishment phase was a strategic one, and thus could not constitute ineffective assistance); see also *Passmore v. State,* 629 S.W.2d 682, 686 (Tex. Crim. App. 1981)(fact that another attorney might have pursued a different strategy will not support a finding of ineffectiveness of counsel); *Ex parte Ewing,* 570 S.W.2d 941 (Tex. Crim. App. 1978)(trial strategy will be reviewed only if record shows that action was without plausible basis).

3. Based on the facts of the primary offense, the applicant's prior convictions, and the applicant's extraneous offenses, the applicant fails to demonstrate by a reasonable probability that, absent the alleged error of trial counsel, the sentencer would have concluded that the balance of aggravating and mitigating circumstances did not warrant the applicant's death sentence. *See McFarland*, 163 S.W.3d at 758 (even if defense counsel's remarks during closing argument of punishment phase of capital murder prosecution constituted an admission of guilt, defendant was not prejudiced by remarks, as necessary for remarks to amount to ineffective assistance, as defendant failed to show that, but for defense counsel's remarks, jury likely would have answered special issues differently); *Butler v. State*, 872 S.W.2d 227, 245-6 (Tex. Crim. App. 1994)(counsel in capital murder trial was not ineffective for conceding defendant's guilt during closing argument at punishment stage; noting that "[t]rial counsel conceded appellant's guilt as a

9

basis for his argument that, in the eyes of God, two wrongs would not be able to make a right").

SECOND GROUND FOR RELIEF: LACK OF BURDEN OF PROOF ON MITIGATION

4. The applicant's second ground for relief that the mitigation issue is constitutionally infirm, based on the absence of a burden of proof, was raised and rejected on direct appeal. As such the issue need not be considered in the instant writ proceeding or in any subsequent proceedings. *Ex parte Acosta,* 672 S.W.2d 470, 472 (Tex. Crim. App. 1984).

5. In the alternative, the decisions in *Apprendi* and *Ring* are inapplicable to the Texas death penalty scheme; the Texas death penalty scheme does not violate *Apprendi* or *Ring* for its failure to place the burden on the State to disprove the mitigation special issue; and, the mitigation issue is not infirm because of its lack of a burden of proof. *See Resendiz v. State,* 112 S.W.3d 541 (Tex. Crim. App. 2003), and *Prystash v. State,* 3 S.W.3d 522, 535-6 (Tex. Crim. App. 1999)(holding lack of burden in mitigation issue does not violate capital defendant's constitutional rights and noting that lack of burden in mitigation issue does not lessen State's burden to prove elements of capital murder, including statutory aggravating factors).

6. The applicant fails to demonstrate that his conviction was unlawfully obtained. Accordingly, it is recommended to the Texas Court of Criminal Appeals that relief be denied.

Cause No. 961278-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 339TH DISTRICT COURT |
| | § | OF |
| ANTHONY QUINN FRANCOIS, Applicant | § | HARRIS COUNTY, TEXAS |

## ORDER

THE CLERK IS HEREBY **ORDERED** to prepare a transcript of all papers in cause no. 961278-A and transmit same to the Court of Criminal Appeals, as provided by Article 11.071 of the Texas Code of Criminal Procedure. The transcript shall include certified copies of the following documents:

1. all of the applicant's pleadings filed in cause number 961278-A, including his application for writ of habeas corpus;

2. all of the Respondent's pleadings filed in cause number 961278-A, including the Respondent's Original Answer;

3. all affidavits and exhibits filed in cause no. 961278-A, including the affidavit of Loretta Muldrow;

4. this court's findings of fact, conclusions of law and order denying relief in cause no. 961278-A;

5. any Proposed Findings of Fact and Conclusions of Law submitted by either the applicant or Respondent in cause no. 961278-A; and

6. the indictment, judgment, sentence, docket sheet, and appellate record in cause no. 961278, unless they have been previously forwarded to the Court of Criminal Appeals.

THE CLERK IS FURTHER **ORDERED** to send a copy of the court's findings of fact and conclusions of law, including its order, to applicant's counsel: J. Sidney Crowley;

11

440 Louisiana St, Suite 2050; Houston, Texas 77002, and to Respondent: Mark Donnelly; Harris County District Attorney's Office; 1201 Franklin, Suite 600; Houston, Texas 77002.

BY THE FOLLOWING SIGNATURE, THE COURT ADOPTS THE RESPONDENT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CAUSE NO. 961278-A AND RECOMMENDS THAT HABEAS RELIEF BE DENIED.

SIGNED this 30th day of December, 2008.

Caprice Cosper
Presiding Judge
339th District Court
Harris County, Texas