IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY FRANCOIS, | § | |
| Petitioner | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:10-CV-00837 |
| | § | |
| RICK THALER, | § | |
| Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institution Division, | § | |
| Respondent. | § | |

**PETITIONER'S RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE LYNN N. HUGHES, UNITED STATES DISTRICT JUDGE:

Comes now Anthony Francois, by and through his attorney of record and presents this

response to the Respondent's answer and would show this Court the following:

**Background**

Francois was charged by indictment with the offense of capital murder, proscribed by

Texas Penal Code § 19.03. The indictment alleged that the petitioner

on or about September 11, 2003, did then and there unlawfully, during the
same criminal transaction, intentionally and knowingly cause the death of
Brittany Patterson by shooting Brittany Patterson with a deadly weapon, to wit,
a firearm, and intentionally and knowingly cause the death of Ashley Patterson
by shooting Ashley Patterson with a deadly weapon, to-wit, a firearm. (CRI
26).

A jury found Francois guilty of capital murder and answered the special issues in a

manner resulting in a punishment of death. (CR 849). The conviction and sentence were

affirmed on direct appeal to the Texas Court of Criminal Appeals on September 13, 2006,

*Francois v. State*, No. 74984, 2006 WL 2615306 (Tex. Crim. App. 2006).

Mr. Sidney Crowley represented Francois at the state habeas level pursuant to Texas Code Crim. Proc. art. 11.071.  The writ was filed on January 23, 2006, in the 339th District Court, which forwarded the application to the Texas Court of Criminal Appeals.  No hearing was held on the writ in state district court, but the state habeas judge filed findings of fact and conclusions of law, recommending denying relief.  On March 11, 2009, the Texas Court of Criminal Appeals denied relief, in a brief unpublished opinion that adopted the trial court's findings and conclusions. The entirety of the substantive findings by the Texas Court of Criminal Appeals was:

> Applicant presents two allegations in his application in which he challenges the validity of his sentence. The trial judge has entered findings of fact and conclusions of law and recommends that relief be denied. This Court has reviewed the record with respect to the allegations made by applicant. We agree with the trial judge's recommendation and adopt the trial judge's findings and conclusions. Based upon the trial court's findings and conclusions and our own review of the record, relief is denied.

*Ex parte Francois,* 2009 WL 624006, 1 (Tex. Crim. App. 2009).

Jani Maseli was appointed to represent Francois on August 28, 2009, in this federal proceeding.  The petition of habeas corpus was filed on March 9, 2010, and an amended petition on June 6, 2010.  On January 31, 2011, Ms. Maseli was allowed to withdraw as attorney of record  because she accepted a job with the Harris County Public Defender's Office and was closing her private practice.

Undersigned counsel was appointed to represent Francois on July 26, 2011.  Francois'

response for summary judgment are due to be filed on February 29, 2012.

## Request for Evidentiary Hearing

Francois is entitled to an evidentiary hearing in this cause.  Francois has not had an opportunity to cross-examine his trial counsel regarding the strategic issues during his  trial.

## Issues Presented

Francois alleges in eleven issues that he was denied effective assistance of counsel at the punishment phase of his trial and that the Texas Death Penalty Scheme was unconstitutional.  He further alleged that he was denied effective assistance of counsel during the state habeas proceedings and because of that this case should be remanded to the State Court for further proceedings and allow him to re-file his State habeas petition.

## Ineffective Assistance of Counsel

1.      In issue ten, Francois alleges that he was denied effective assistance of counsel by his court appointed habeas attorney's submission of a habeas petition that merely rehashed the arguments that he presented on direct appeal.  While habeas proceedings are discretionary in nature, the fact that Art.11.071 is now mandatory in nature, Francois believes that his Sixth Amendment right to counsel must be addressed.  Habeas counsel failed to raise issues that are clearly delineated in the record but failed to do so.  There can be no strategic reason for counsel's failure to raise record issues.

This issue is pending before the Supreme Court of the United States in *Martinez v. Ryun*, Docket No. 10-1001.  It was argued on October 4, 2011.  The questions presented is:

Whether a defendant in a state criminal case who is prohibited by state law from raising on direct appeal any claim of ineffective assistance of trial counsel, but who has a state-law right to raise such a claim in a first post-conviction proceeding, has a federal constitutional right to effective assistance of first post-conviction counsel specifically with respect to his ineffective-assistance-of-trial-counsel claim.

Francois believes that this Court should not take any action on this issue until after the Court issues its opinion.

2.      Contrary to the position of the State, Francois believes that the record supports a claim that his trial attorney failed to provide effective assistance of counsel; especially during the punishment phase of the trial.  Throughout the trial, trial counsel either failed to object to testimony or evidence or introduced evidence that implicated him in other criminal conduct.  The testimony of Jadon West expressly harmed Francois in his quests for life.  Trial counsel's assertion that Francois approved the strategy is not an excuse that can be acceptable given the scope of the testimony.  In many other specific instances, trial counsel failed to object in order to preserve error that the Court of Criminal Appeals found waived any error.

The Sixth Amendment guarantees a criminal accused the right to assistance of counsel, and "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.

4

Ct. 2052, 80 L. Ed. 2d 674 (1984).  Under the *Strickland* standard, the Sixth Amendment's right to effective assistance of counsel "is denied when a defense attorney's performance falls below an objective  standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S. Ct. 1, 157 L. Ed. 2d 1 (2003).

"The proper measure of attorney performance remains simply reasonableness under prevailing professional norms," by reference to "all the circumstances."  *Id*. at 688; *see also Sonnier v. Quarterman*, 476 F.3d 349, 357 (5th Cir. 2007) (same).  "Prevailing norms of practice as reflected in American Bar Association standards and the like . . . are guides to determining what is reasonable . . . ." *Strickland*, 466 U.S. at 688.  In all cases, "[j]udicial scrutiny of counsel's performance must be highly deferential" and must avoid second-guessing.  *Id*. at 689.  *See also Dowthitt v. Johnson*, 230 F.3d 733, 743 (5th Cir. 2000).  Sufficient prejudice requires a "reasonable probability that, but for counsel' unprofessional errors, the result of the proceedings would have been different." *Strickland,* 466 U.S. at 694.  The deficient assistance must be "so serious as to deprive [her] of a fair trial, a trial whose result is reliable." *Id*. at 687.

Admittedly, where the state habeas court ruled on the petitioner's ineffective assistance of counsel claim, "the test for federal habeas purposes is *not* whether [the petitioner] made [the required] showing." *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003).  "Instead, the test is whether the state court's decision--that [the petitioner] did *not* make the *Strickland-showing*--was contrary to, or an unreasonable application of, the

standards, provided by the clearly established federal law (*Strickland*), for succeeding on [the petitioner's ineffective assistance of counsel] claim." *Id*. Further, a claim that trial counsel made a strategic is not necessarily reasonable if the strategic choice is inherently unreasonable.

In this case, trial counsel blamed Francois for his strategic choices. Yet, trial counsel failed to explain the possible outcomes and presented evidence that supported a claim that he was a danger to the community. Trial counsel repeatedly failed to preserve error without objecting to the testimony. Clearly, within the meaning of *Strickland*, trial counsel was ineffective and requires this Court to grant a new punishment hearing.

## Constitutionality of Texas Capital Sentencing Scheme

Inherent to any sentencing scheme is that the Government has the burden of proving beyond a reasonable doubt that a particular punishment is appropriate. On June 24, 2002, the Supreme Court declared that Arizona's capital sentencing scheme violates the Sixth Amendment's jury trial guarantee because it entrusts to the trial judge the determination whether aggravating factors exist that will justify the imposition of the death penalty. *Ring v. Arizona*, 536 U.S. 584, 609 (2002). Applying the holdings from its previous decisions in *Jones v. United States*, 526 U.S. 227 (1999) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court held that "[u]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an

indictment, submitted to a jury, and proven beyond a reasonable doubt." *Jones*, 526 U.S. at 243 n.6.  The Supreme Court in *Ring* rejected the distinction between elements of an offense and sentencing factors that it had relied on in *Walton v. Arizona*, 497 U.S. 639 (1990), because that analysis was obviated by the holding of *Apprendi*.  *Ring*, 536 U.S. at 604.  "If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact  – no matter how the State labels it – must be found by a jury beyond a reasonable doubt." *Apprendi*, 530 U.S. at 482-83.  Thus, "when the term 'sentence enhancement' is used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict." *Id.* at 495.  Because Arizona's aggravating factors operated as the functional equivalent of an element of the greater offense of capital murder, the Sixth Amendment required that they be found by a jury.  *Ring*, 536 U.S. at 609.  The Supreme Court concluded that Arizona's capital sentencing scheme violated the Sixth Amendment's guarantee of a right to trial by jury on every element of the offense charged, because, under Arizona law, the trial judge alone determined the existence or nonexistence of the enumerated aggravating factors.  *Id.*

The Supreme Court has distinguished "sentencing factors," that is, any fact that is not an element of the offense but that serves to enhance a sentence, allowing such factors to be found by the sentencing body by a lower standard of proof, typically by a preponderance of the evidence.  *See McMillan v. Pennsylvania*, 477 U.S. 79, 91092 (1986).  In *McMillan*, the

Supreme Court considered the constitutionality of a Pennsylvania statute that provided that anyone convicted of certain enumerated felonies was subject to a mandatory minimum sentence of five years in prison if the sentencing judge found, by a preponderance of the evidence, that the person "visibly possessed a firearm" during the commission of the offense. *Id.* 81.  The Supreme Court concluded that the visible possession of a firearm was not an element of the offense but a sentencing factor, stressing that a legislature's characterization is dispositive if it does not transgress constitutional limits.  *Id.*  The Court identified several features that indicated that Pennsylvania's characterization of visible possession of a firearm as a sentencing factor was constitutionally permissible.  The most significant feature was the fact that the statute "neither altered the maximum penalty for the crime committed nor created a separate offense calling for a separate penalty."  *Id.* at 87-88.

In 1999, the Supreme Court took up the question whether the federal car jacking statute, 18 U.S.C. § 2119, set out three separate offenses by providing for a fifteen year maximum penalty, a 25 years maximum penalty if serious bodily injury resulted, and a maximum penalty of life imprisonment if death resulted. *Jones*, 526 U.S. at 230.  The Court noted, "it is at best questionable whether the specification of facts sufficient to increase a penalty range by two-thirds, let alone from 15 years to life, was meant to carry none of the process safeguards that elements of an offense bring with them for a defendant's benefit." *Id.* at 233.  Further,

> if a potential penalty might rise from 15 years to life on a nonjury determination, the jury's role would correspondingly shrink from the

significance usually carried by determination of guilt to the relative importance of low-level gatekeeping: in some cases, a jury finding of fact necessary for a maximum 15-year sentence would merely open the door to a judicial finding sufficient for life imprisonment.

*Id.* at 243-44.

The following year the Supreme Court put to rest the element versus sentencing factor debate. *Apprendi*, 530 U.S. 466, involved a New Jersey "hate crime" statute that provided for a longer term of imprisonment if a trial judge found, by a preponderance of the evidence, that a defendant committed a crime with a biased purpose, as described in the statute. The Court held that the Due Process Clause required that such a factual determination be made by a jury on the basis of proof beyond a reasonable doubt and, therefore, struck down the statute. *Id.* at 469.

*Apprendi* was extended to capital prosecutions in *Ring*. Ring was convicted of felony murder in the course of armed robbery. Under Arizona law, he could not be sentenced to the statutory maximum penalty of death unless further factual determinations were made by the sentencing judge concerning the presence of absence of aggravating and mitigating circumstances. Only if the court found at least one statutory aggravating circumstance beyond a reasonable doubt and no mitigating circumstances, "sufficiently substantial to call for leniency," could it impose the death penalty. *Ring*, 536 U.S. 592-93. The United States Supreme Court reversed Ring's death sentence holding that, under *Apprendi*, "because Arizona's enumerated aggravating factors operate as 'the functional equivalent of an element of a grater offense,' the Sixth Amendment requires that they be found by a jury." *Ring*, 536

9

U.S. at 609.

In sum, this line of cases, read together, means that those facts setting the outer limits of a sentence, and of the judicial power to impose it, are elements of the crime for the purposes of the constitutional analysis. *Harris v. United States*, 536 U.S. 545, 549 (2002). Regardless of whether particular statutory factors have been labeled, considered or construed as elements or sentencing factors, they must now be treated as elements under the authority of *Jones*, *Apprendi* and *Ring*.

The Supreme Court's holding that death-eligibility factors are the functional equivalents of elements of the offense requires that all fair trial guarantees be imported into the fact-finding process for these factors. Article 37.071 § 2(e) and (f) permits the jury to find the defendant death eligible – that is, that there are no mitigating circumstances sufficient to warrant a life sentence – even if the State does not prove this fact beyond a reasonable doubt. *Cf.* Tex. Code Crim. Proc. art. 37.071 § (2)(c) (requiring that future dangerousness be proved beyond a reasonable doubt). Using this relaxed burden of proof also violates the defendant's related right to a presumption of innocence. The right to presumption of innocence is not specifically articulated in the United States Constitution, but it has been recognized by the Supreme Court as a "basic component" of the right to a fair trial secured by the Fourteenth Amendment. *Estelle v. Williams*, 425 U.S. 501, 503 (1976). Further, the Texas Code of Criminal Procedure provides, "[a]ll persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense

is proved beyond a reasonable doubt." TEX. CODE CRIM. PROC. art. 38.03. In contravention of these protections, Article 37.071 § (e) and (f) directs the jury to decide the mitigation element of the offense of death-eligible capital murder with no standard of proof or presumption of innocence at all.

Given the unique and momentous interest at stake – the death-eligibility determination is the stage at which the penalty of life imprisonment can be converted to a death sentence – procedural rights that will ensure the highest degree of reliability in the fact-finding process are imperative. *United States v. Fell*, 217 F. Supp. 2d 469 (D. Vt. 2002).

This provision, by impermissibly shifting the burden of proof on mitigation to the defendant, violates the defendant's rights under Article I, §§ 13 and 19 of the Texas Constitution to Due Course of Law and to freedom from cruel or unusual punishment. Further, because the statute is not specific about the exact burden of proof, it provides no meaningful guidance to the jury who is called upon to make this life or death decision.  As a result, the death penalty is imposed in a wanton and freakish manner in violation of the defendant's rights to due process and the protection against cruel and unusual punishment. U.S. CONST. 8th and 14th amend.  Thus, Francois death sentence must be set aside.

Respectfully submitted,

SCHNEIDER & McKINNEY, P.C.

/S/ Stanley G. Schneider
STANLEY G. SCHNEIDER
F.B.C. No. 59556
TBN: 17790500
440 Louisiana, Suite 800
Houston, Texas 77002
713-951-9994
FAX 713-224-6008

ATTORNEY FOR PETITIONER

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the attached and foregoing document has been served on the Assistant Attorney General assigned to this case by Electronic Filing to the Office of the Attorney General on this 29th day of February, 2012.

/S/ Stanley G. Schneider
STANLEY G. SCHNEIDER