IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY FRANCOIS, | § | |
| Petitioner, | § | |
| | § | Civil Action No. 4:10-cv-837 |
| v. | § | (District Judge Lynn N. Hughes) |
| | § | |
| RICK THALER, | § | * DEATH PENALTY CASE * |
| Director, Texas Department | § | |
| of Criminal Justice, | § | ECF |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

RESPONDENT THALER'S SUPPLEMENTAL BRIEFING

This is a federal habeas corpus proceeding initiated by Petitioner Anthony Francois pursuant to 28 U.S.C. § 2254. In March 2010, Francois filed a petition for federal habeas corpus relief with this Court alleging that a total of ten constitutional violations occurred during his capital murder trial. Docket Entry (DE) 1. The Director responded in part by demonstrating that two of Francois's allegations—that he received ineffective assistance from his trial counsel (claim 2) and his state habeas counsel (claim 10)—were unexhausted and procedurally barred. DE 13 at 15-18.

On March 20, 2012, the Supreme Court issued its opinion in Martinez v. Ryan, holding for the first time that the ineffective assistance of state habeas counsel may constitute cause to excuse a procedural bar in certain limited circumstances. 132 S. Ct. 1309 (2012). This Court now requests the parties to address the potential impact Martinez may have on this case. DE 25. As discussed below, however, Martinez is wholly inapplicable to this case. As a result, it should have no impact on the outcome of Francois's petition.

ARGUMENT

In Martinez, the Supreme Court found for the first time an exception to the unqualified statement previously asserted in Coleman v. Thompson[1] that an error by an attorney in a postconviction proceeding does not qualify as cause to excuse a procedural default. 132 S. Ct. at 1315. While repeatedly stating that its holding is limited and that "the rule of Coleman still governs in all but the limited circumstances recognized here," the Court qualified Coleman by recognizing a narrow exception to the rule barring attorney negligence as "cause." Id. at 1320-21. Specifically, the Court found that "[w]here, under State law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Id. at 1320.

Francois will undoubtably argue that Martinez should apply in this case to excuse his procedural default because his state habeas counsel failed to raise the now-defaulted claims during his state habeas proceedings. Indeed, Francois has already asserted that "there can be no strategic reason" for his state habeas counsel's failure "to raise issues that are clearly delineated in the record." DE 24 at 3. But the Martinez court was careful to craft an extremely narrow exception to Coleman, and limited its ruling only to cases where the initial

---

[1] 501 U.S. 722, 753-54 (1991).

2

collateral proceeding[2] is the only forum where ineffective-assistance-of-trial-counsel claims may be raised. 132 S. Ct. at 1319-21. As a result, any argument that the opinion undercut Coleman or a decade of Fifth Circuit precedent[3] holding that ineffective assistance of state habeas counsel does not constitute cause to overcome a procedural default is misplaced.

  A. Martinez did not address whether there was a constitutional right to effective state habeas counsel.

Initially, it should be noted that the Martinez Court carefully limited its holding to address whether "ineffective assistance in an initial-review collateral proceedings on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." Id. at 1315. The Court did not address whether there was a constitutional right to effective counsel in such proceedings. Id. (holding "that this was not the case" to resolve whether an exception exists to the constitutional rule that there is no right to counsel in collateral proceedings). Thus, by its very terms, the holding in Martinez is inapplicable to Francois's assertion (claim 10) that his constitutional rights were violated by his state habeas counsel's alleged ineffective assistance. DE 1 at 42-48.

---

  [2] The Court defined "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." 132 S. Ct. at 1315.

  [3] See, e.g., Williams v. Thaler, 602 F.3d 291, 309 (5th Cir. 2010); Nenno v. Quarterman, 489 F.3d 214, 217 (5th Cir. 2007); Beazley v. Johnson, 242 F.3d 248, 270-72 (5th Cir. 2001).

B.  Martinez's holding does not apply in Texas.

For twenty-one years the rule in Coleman prohibiting error by an attorney in postconviction proceedings from constituting cause to excuse a procedural default has protected state court judgments from a never-ending repetition of ineffective-assistance-of-counsel claims. Without the Coleman rule, there would be no end to attacks on a judgment because every new attack could claim the alleged ineffectiveness of the prior lawyer as cause for not having raised it sooner. See Coleman, 501 U.S. at 754. The Martinez Court respects that reality and carefully notes that:

> [t]he rule of Coleman governs in all but the limited circumstances recognized here. The holding in this case . . . does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

132 S. Ct. at 1320. As such, Martinez only applies to states which "require[] a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding." Id. at *1318. Because this is not the case in Texas, however, any allegation by Francois concerning deficient state habeas representation still would not constitute good cause to excuse his procedural default.

In Texas, the limited exception to Coleman carved out by the Court does not apply because the State does not require a defendant to raise an ineffective assistance claim in an initial-review collateral proceeding. See Lopez v. Texas, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) (holding that a claim of ineffective assistance of counsel may be considered on direct appeal). The Martinez Court repeatedly noted that the exception it created was limited to jurisdictions (such as Arizona) that deliberately choose to bar a defendant from raising Strickland-

type claims on direct appeal. 132 S. Ct. at 1318 ("By deliberately choosing to move trial-ineffectiveness claims outside the direct appeal process, where counsel is constitutionally guaranteed, the State significantly diminishes prisoners' ability to file such claims."), 1320 ("Our holding here addresses only the constitutional claims presented in this case, where the State barred the defendant from raising the claims on direct appeal."), 1320 ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding. . .") (italics added). Since Texas, unlike Arizona, has not deliberately opted to bar defendants from raising Strickland claims on direct appeal, Coleman still applies.

Indeed, the Fifth Circuit recently reiterated that "Texas does not require defendants to raise an ineffective assistance of trial counsel claim only in state habeas proceedings," noting that such claims (particularly those, like Francois's claim, involving trial counsel's failure to object) are "often brought on direct appeal, with mixed success." Adams v. Thaler, __F.3d__, 2012 WL 1415094 at *10, n.4 (5th Cir. 2012). Thus, to find that Martinez constitutes cause to excuse Francois's defaulted claims, this Court would have to construe Texas precedent in a way that "contradict[s] a recent decision of the highest state court." Lords Landing Village Condominium Council of Unit Owners v. Continental Insurance Co., 520 U.S. 893, 896 (1997). This Court can ignore the resulting procedural bar only if it is willing to second-guess Texas's high court's interpretation of its own law, an undertaking for which it is ill-suited. E.g., Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (stating that the Court has repeatedly held that "federal habeas corpus relief does not lie for errors of state law.")(citing Estelle v.

McGuire, 502 U.S. 62, 67-68 (1991)).

Furthermore, in addition to being able to raise ineffective assistance claims on direct appeal, Texas law also allows defendants to bring such claims in a motion for new trial within thirty days. Tex. R. App. Proc. 21.3, 21.4; see also Reyes v. State, 849 S.W.2d 812 (Tex. Crim. App. 1993). Defendants may use the motion for new trial to develop non-record facts to support a claim on direct appeal. Tex. R. App. Proc. 21.2. A trial court is also authorized to hold a live hearing on the issue, and abuses its discretion for failing to hold such a hearing if a defendant presents a motion that raises matters that may not be determined from the record. Tex. R. App. Proc. 21.7; Holden v. State, 201 S.W.3d 761 (Tex. Crim. App. 2006). Although the Martinez Court hinted that a thirty-day deadline to expand the record may be inadequate to investigate an ineffective assistance claim, see 132 S. Ct. at 1318, such a statement is plainly dicta and irrelevant in Texas, where defendants have seventy-five days to develop and then present such claims to the trial court.[4] Tex. R. App. Proc. 21.6. Therefore, because Texas defendants such as Francois have two outlets to develop and raise Strickland claims, the narrow exception created in Martinez is clearly inapplicable.

    C.    Francois's state habeas counsel was not ineffective.

Assuming for the moment that Martinez does apply in this context, Francois would still have to demonstrate that his state habeas counsel was

---

[4] A Texas defendant has thirty days to file the motion and must "present" the motion within ten days of filing it, unless the trial court permits it to be presented and heard within the seventy-five day period it has to rule on the motion. Tex. R. App. Proc. 21.4, 21.6, and 21.8.

actually ineffective under the Strickland standard in order to establish cause for his procedural default. 132 S. Ct. at 1318, 1320. Francois contends that there was "no strategic reason" why counsel would not have raised "issues that are clearly delineated in the record" in his state habeas petition. DE 24 at 3. Notwithstanding Francois's vague assertions of deficient performance, however, the record demonstrates that counsel raised two well-briefed allegations, including an ineffective-assistance-of-counsel claim, in his state habeas petition. SHCR at 2-26.[5] Simply because counsel did not raise an allegation (or variation thereof) that Francois now contends he should have raised does not render counsel's assistance ineffective under Strickland. Cf. Smith v. Robbins, 528 U.S. 259, 285 (2000) (holding appellate counsel is not ineffective merely because he fails to raise issues that his client requests him to raise); Jones v. Barnes, 463 U.S. 745, 751-53 (1983) (holding appellate counsel is only constitutionally obligated to raise and brief those issues that are believed to have the best chance of success); Engle v. Isaac, 456 U.S. 107, 134 (1982) ("[T]he constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim."). Thus, even with the benefit of Martinez, Francois cannot establish cause that would excuse his second claim from being procedurally defaulted.

---

[5] "SHCR" refers to the state habeas transcript—the transcript of pleadings and documents filed with the court during Francois's state habeas proceeding—and is followed by the relevant page numbers.

> D. Nevertheless, Francois's procedurally defaulted claim is plainly meritless.

Regardless of whether Francois's claim of ineffective state habeas counsel constitutes "cause" under Martinez, he still is not entitled to excuse the procedural bar because the defaulted claim is also plainly meritless. In addition to overcoming the difficult hurdle of establishing cause under Martinez, a petitioner must also prove the merits of his underlying claim in order to overcome a procedural default. 132 S. Ct. at 1318. The Martinez Court specifically noted that "[t]o overcome the default, a prisoner must also demonstrate that the underlying [] claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. at 1318-19 (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)). But as discussed in the Director's Answer, DE 13 at 19-32, Francois clearly fails to meet this criteria as well. As a result, even with the benefit of Martinez, Francois cannot overcome the procedural default.

> E. To the extent the Court believes that Francois has a meritorious Martinez claim, it must allow him to return to state court to exhaust.

Finally, given that the Martinez Court has not re-imposed some kind of "deliberate bypass" rule—or any rule to ensure federalism and comity to state court decisions—the Court could not have intended to overturn the requirement that petitioners first present their Strickland claims to the state courts. The only way to avoid this absurd result is to limit Martinez to its facts: state imposition of procedural bar against discreet Strickland claims actually presented to the

state court versus the facts of this case where such a claim was never presented in any forum. Because this Court is forbidden to grant relief on an unexhausted claim, at most the only relief Martinez could provide in this situation is a stay and abatement to allow Francois to return to state court and raise the claim in a subsequent state habeas petition.[6] Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998).

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that any future request by Francois to excuse his procedurally defaulted claims under Martinez be denied and that his petition for federal habeas relief be denied as well.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Postconviction Litigation Division

---

[6] While the district court cannot grant relief on a procedurally-defaulted claim, it can still deny relief. See 28 U.S.C. § 2254(b)(2).

                              s/ Jeremy Greenwell
                              JEREMY C. GREENWELL*
                              Assistant Attorney General
                              State Bar No. 24038926

                              P.O. Box 12548, Capitol Station
                              Austin, Texas  78711-2548
                              (512) 936-1600
                              (512) 320-8132 (Fax)
                              E-mail: jeremy.greenwell@oag.state.tx.us

*Lead Counsel                 ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I certify that on the 18th day of June, 2012, a true and correct copy of the above pleading was electronically served to the following counsel for Francois by filing the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

STANLEY G. SCHNEIDER
Attorney at Law
440 Louisiana St, Suite 800
Houston, TX 77002
stans3112@aol.com

                              s/ Jeremy Greenwell
                              JEREMY C. GREENWELL
                              Assistant Attorney General