IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY FRANCOIS, | § | |
| Petitioner | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:10-CV-00837 |
| | § | |
| RICK THALER, | § | |
| Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institution Division, | § | |
| Respondent. | § | |

**PETITIONER'S ADVISORY CONCERNING THE IMPACT OF
RYAN v. MARTINEZ, 132 S. Ct. 1309 (2012)**

TO THE HONORABLE LYNN N. HUGHES, U.S. DISTRICT JUDGE:

Petitioner asserts that the Supreme Court's recent decision in *Martinez v. Ryan*, No. 10-1001, 132 S. Ct. 1309 (2012) wherein the Supreme Court held that ineffective assistance of state habeas counsel may provide cause to excuse procedural default could influence the outcome of these proceedings applies to the facts of this case and mandates that this Court grant an evidentiary hearing concerning his allegation of ineffective assistance of counsel.

## Background

Francois was charged by indictment with the offense of capital murder, proscribed by Texas Penal Code § 19.03. The indictment alleged that the petitioner:

on or about September 11, 2003, did then and there unlawfully, during the same criminal transaction, intentionally and knowingly cause the death of Brittany Patterson by shooting Brittany Patterson with a deadly weapon, to wit, a firearm, and intentionally and knowingly cause the death of Ashley Patterson by shooting Ashley Patterson with a deadly weapon, to-wit, a firearm. (CRI 26).

A jury found Francois guilty of capital murder and answered the special issues in a manner resulting in a punishment of death. (CR 849). The conviction and sentence were affirmed on direct appeal to the Texas Court of Criminal Appeals on September 13, 2006, *Francois v. State*, No. 74984, 2006 WL 2615306 (Tex. Crim. App. 2006).

Petitioner was represented during the state habeas proceedings by Sid Crowley. Mr. Crowley did not conduct a meaningful investigation of his trial, direct appeal or the allegations against Petitioner.  Mr. Crowley alleged ineffective assistance of counsel, based on issues raised in the direct appeal and then replead the same allegations contained in the direct appeal.  Petitioner asserts that the very essence of *Martinez* is presented in this case.  Nothing else was presented for review.  Attached hereto is the State's response to Petitioner's state habeas petition.  Repeatedly, the State alleged that Petitioner's state habeas claims were resolved on direct appeal without need for further review.

Harris County records reflect that on July 28, 2004,  Petitioner filed his notice

2

of appeal to start the appellate process.  Pursuant to Article 11.071 Code of Criminal Procedure, habeas counsel was appointed, the post conviction writ was due to be filed 18 months after the filing of his appellate brief on direct appeal.  The writ of habeas corpus was filed on January 23, 2006.  According to Harris County records, the trial record in this cause was checked out the state on June 1, 2005.  It was returned to the clerk's office to be checked out by the defendant on December 7, 2005.  The State writ was filed on Petitioner's behalf on January 23, 2006.

Petitioner was represented during the state habeas proceedings by Sid Crowley. Mr. Crowley did not conduct a meaningful investigation of his trial, direct appeal or the allegations against Petitioner.  Mr. Crowley alleged ineffective assistance of counsel, based on issues raised in the direct appeal and then replead the same allegations contained in the direct appeal.  Petitioner asserts that the very essence of *Martinez* is presented in this case.  Nothing else was presented for review.  Attached hereto is the State's response to Petitioner's state habeas petition.  Repeatedly, the State alleged that Petitioner's state habeas claims were resolved on direct appeal without need for further review.

Harris County records reflect that on July 28, 2004,  Petitioner filed his notice of appeal to start the appellate process. Pursuant to Article 11.071 Code of Criminal Procedure, habeas counsel was appointed, the post conviction writ was due to be filed

3

18 months after the filing of his appellate brief on direct appeal.  The writ of habeas corpus was filed on January 23, 2006.  According to Harris County records, the trial record in this cause was checked out the state on June 1, 2005.  It was returned to the clerk's office to be checked out by the defendant on December 7, 2005.  The State writ was filed on Petitioner's behalf on January 23, 2006.

Mr. Sidney Crowley was appointed to represent Petitioner pursuant to Texas Code Crim. Proc. art. 11.071.  The writ was filed on January 23, 2006, in the 339th District Court, which forwarded the application to the Texas Court of Criminal Appeals.  No hearing was held on the writ in state district court, but the state habeas judge filed findings of fact and conclusions of law, recommending denying relief.[1] On March 11, 2009, the Texas Court of Criminal Appeals denied relief, in a brief unpublished opinion that adopted the trial court's findings and conclusions. The entirety of the substantive findings by the Texas Court of Criminal Appeals was:

> Applicant presents two allegations in his application in which he challenges the validity of his sentence. The trial judge has entered findings of fact and conclusions of law and recommends that relief be denied. This Court has reviewed the record with respect to the allegations made by applicant. We agree with the trial judge's recommendation and adopt the trial judge's findings and conclusions. Based upon the trial court's findings and conclusions and our own review of the record, relief is denied.

---

[1]     See Exhibit 1, Respondent's Proposed Findings of Fact, Conclusions of Law and Order.

*Ex parte Francois,* 2009 WL 624006, 1 (Tex. Crim. App. 2009).

According to Harris County records, the trial record in this cause was checked out the state on June 1, 2005.  It was returned to the clerk's office to be checked out by the defendant on December 7, 2005.[2]  The State writ was filed on Petitioner's behalf on January 23, 2006.   From the State's answer attached hereto,[3] it readily appears that state habeas counsel simply refiled the direct appeal brief as his habeas petition and conducted no independent review of the record or the basis of Petitioner's conviction and sentence of death.

In the instant case, Petitioner raised eleven issues related to whether his trial attorney provided effective assistance of counsel at the punishment phase of his trial and that the Texas Death Penalty Scheme was unconstitutional.  He further alleged that he was denied effective assistance of counsel during the state habeas proceedings and because of that this case should be remanded to the State Court for further proceedings and allow him to re-file his State habeas petition.

In issue ten, Francois alleges that he was denied effective assistance of counsel by his court appointed habeas attorney's submission of a habeas petition that merely rehashed the arguments that he presented on direct appeal.  While habeas proceedings

---

[2]     See Exhibit 2, printout from Justice Information Management System (JIMS).

[3]     See Exhibit 3, Respondent's Original Answer.

5

are discretionary in nature, the fact that Art.11.071 is now mandatory in nature, Francois believes that his Sixth Amendment right to counsel must be addressed. Habeas counsel failed to raise issues that are clearly delineated in the record but failed to do so.  There can be no strategic reason for counsel's failure to raise record issues.

Contrary to the position of the State, Francois believes that the record supports a claim that his trial attorney failed to provide effective assistance of counsel; especially during the punishment phase of the trial.  Throughout the trial, trial counsel either failed to object to testimony or evidence or introduced evidence that implicated him in other criminal conduct.  The testimony of Jadon West expressly harmed Francois in his quests for life.  Trial counsel's assertion that Francois approved the strategy is not an excuse that can be acceptable given the scope of the testimony.  In many other specific instances, trial counsel failed to object in order to preserve error that the Court of Criminal Appeals found waived any error.

At a hearing Petitioner will show that Mr. Crowley has been found to be ineffective in regards to similar performances in another capital case and has a disciplinary history with the State Bar of Texas relative to his failure to file appellate briefs timely.  Mr. Crowley's has a history of abysmal, wait-until-the-last-minute performance during his representation of Francisco Castellano.  On December 15, 2005, the 130th Judicial District Court of Matagorda County, Texas found that ***prior***

to commencement of trial, Mr. Crowley provided ineffective assistance of counsel to Francisco Castellano who was indicted of the offense of capital murder.  *State v. Francisco Castellano*, Trial Cause No. 05-138, 130th Judicial District Court of Matagorda County, Texas.

On May 5, 2005, Mr. Crowley was appointed to represent Mr. Castellano as first chair.  Tommy James Stickler was appointed as second chair.  Prior to November 23, 2005, nearly seven months after appointment of counsel, no motions had been filed by Mr. Castellano's defense.  No funds had been sought by the defense for investigation, mitigation, or experts.[4]  Mr. Castellano had been visited at the jail only once by each attorney.  No one from the defense had asked Mr. Castellano for records releases.  The physical evidence had not been examined and no witnesses for the state had been interviewed.

During a status conference on November 23, 2005, Mr. Crowley, lead counsel, represented to the court that he would be prepared to proceed to trial on March 6, 2006.  The court ordered Mr. Crowley to appear on December 15, 2005, to demonstrate that the case would be ready for trial on March 20, 2006, or show cause as why he should not be found ineffective.  On December 15, 2005, Mr. Stickler,

---

[4]        As noted above, more than seven months after the appointment of Mr. Castellano' case, no request had been made for a mitigation specialist.  Even though the trial court explicitly provided funding to trial counsel, they failed to use it to advance Mr. Castellano's case

second chair counsel, filed a Motion to Continue, concluding that the defense could not be prepared to effectively represent Mr. Castellano in a capital trial on March 20, 2006.  Mr. Crowley refused to join Mr. Stickler's continuance motion.

After conducting an *ex parte* proceeding with Mr. Stickler and Mr. Crowley on December 15, 2005,[5] the court found that Mr. Crowley had provided ineffective assistance of counsel to Mr. Castellano. Noting that effective counsel would join second chair's Motion to Continue, the court removed Mr. Crowley from the case and appointed new first chair counsel on December 15, 2005.  New counsel for Mr. Castellano reached a plea agreement with the State in November, 2007.  In exchange for pleading guilty to several offenses, the State waived the death penalty for Mr. Castellano.

At the time that Mr. Crowley accepted appointment to represent Mr. Castellano, Mr. Crowley had received notice that he was being sued by the Commission for Lawyer Discipline of the State Bar of Texas for his mishandling of the appeal of George S. Guo in *The State of Texas v. George S. Guo*, Trial Cause No. 0032362, 240th Judicial District Court of Fort Bend County, Texas. *See* Petitioner's Original Disciplinary Petition *Commissioner for Lawyer Discipline v. James S.*

---

[5]     Order will be supplemented upon receipt regarding *ex parte* proceeding in *State v. Francisco Castellano*, Trial Cause No. 05-138, 130th Judicial District Court of Matagorda County, Texas.

*Crowley*, Cause No. 05-CV-140898, 240th Judicial District Court of Fort Bend County, Texas.  According to the Petition filed by the Commission of Lawyer Discipline, Mr. Crowley was appointed to handle the appeal of Mr. Guo on September 5, 2003.  *Id* at 2.  By operation of law, the Appellant's brief was due on or about October 6, 2003.  *Id.*  Mr. Crowley admittedly failed to timely file Appellant's brief on or about October 6, 2003, stating that, "I was occupied with several other matters." *Id.*  Mr. Crowley also failed to file Motion to Extend Time to file Appellant's brief on or before October 21, 2003.  *Id.*  Furthermore,  Mr. Crowley failed to apprise Mr. Guo regarding the status of his appeal and failed to notify Mr. Guo that he failed to timely file Appellant's brief.  *Id.* at 2-3.  In March, 2004, Mr. Guo sent two written correspondences to Mr. Crowley demanding that he file the exceedingly late Appellant's Brief. *Id.*  at 3.  On or about March 12, 2004, Mr. Crowley filed a Motion to Extend Time to File Appellant's Brief with the 13th Court of Appeals.  *Id.*  The time was extended to April 8, 2004.  *Id.*  Mr. Crowley did not file the Appellant's brief until April 29, 2004.  *Id.*

On May 26, 2006, the 240th Judicial District Court of Fort Bend County, Texas found that Mr. Crowley had committed professional misconduct in connection with

his representation of Mr. Guo.[6]

Indeed, Mr. Crowley's lack of diligence is legendary among Texas capital counsel.  In their report *Lethal Indifference: The Fatal Combination of Incompetent Attorneys and Unaccountable Courts in Texas Death Penalty Appeals,* the Texas Defender Service found Mr. Crowley to be among the worst.

> In *Ex Parte Nenno*, state habeas counsel filed a petition consisting of eight pages and two record-based claims.[7]  This same lawyer has represented four other death row inmates.  After filing a ten-page petition in *Ex Parte Rousseau,* the lawyer swore in an affidavit, "At the time that I was appointed, I did not know how to litigate a capital habeas corpus case and was not aware of the need to investigate facts outside of the trial record.  I also did not have enough time to devote to the case.  As such, my representation of [the inmate] consisted of reading the trial record, meeting with [the inmate], conducting legal research on the claims I had identified from the record and drafting an application."[8]
>
> This lawyer was also appointed and filed writs in *Ex Parte Villareal*,[9] a nine page petition, containing no extra record claims or materials,  *Ex Parte Arthur*,[10]  a 14-page writ containing no supporting exhibits, and

---

[6]      See Exhibit 4, online case printout provided by the Ft. Bend County District Clerk website.  The Agreed Judgment of Public Reprimand, Cause No. O5-CV-140898, 240th Judicial District Court of Fort Bend County, Texas, will be supplemented upon receipt.

[7]      *Ex Parte Nenno*, Writ No. 50, 598, (Tex. Crim. App. Nov. 14, 2001).

[8]      Affidavit of CCA appointed State Habeas Counsel, *Rousseau v. Johnson*, No. 00-CV-27 (S.D. Tex).

[9]      *Ex Parte Villareal*, Writ No. 50,599 (Tex. Crim. App. Oct. 31, 2001).

[10]      *Ex Parte Arthur*, Application for Writ of Habeas Corpus, No. 763189 (Tex. Dist. Ct. 180th Judicial District, Nov. 17, 1999).

10

the lawyer co-authored another nine page writ in *Ex Parte Smith*.[11]  This lawyer was appointed to represent Smith five months *before* being appointed to the case referenced above in which he conceded his inexperience and unawareness of the basic requirements of competent representation.

*Lethal Indifference: The Fatal Combination of Incompetent Attorneys and Unaccountable Courts in Texas Death Penalty Appeals*, The Texas Defender Service, 2002.  (*See* http://www.texasdefender.org/publications.htm).

Mr. Crowley provided the same type of representation in the instant case.

Admittedly, the Supreme Court's decision in *Coleman v. Thompson*, 501 U.S. 722, 753-754, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), would seem to control where the Court held that an attorney's errors in a post conviction proceeding do not qualify as cause for a default.  See *id.*  However, Coleman does suggest, though without holding, that the Constitution may require States to provide counsel in initial-review collateral proceedings because "in [these] cases . . . state collateral review is the first place a prisoner can present a challenge to his conviction." *Id.,* at 755,  As *Coleman* noted, this makes the initial-review collateral proceeding a prisoner's "one and only appeal" as to an ineffective-assistance claim, *id.,* at 756, 111 S.Ct. 2546 (emphasis deleted; internal quotes omitted), and this may justify an exception to the

---

[11]      *Ex Parte Smith*, Writ No. 48,130 (Tex. Crim. App. Jan. 17, 2001).

constitutional rule that there is no right to counsel in collateral proceedings.  See *id*., at 755; *Douglas v. California*, 372 U.S. 353, 357, 83 S.Ct. 814, 9 L.Ed. 2d 811 (1963) (holding States must appoint counsel on a prisoner's first appeal).

In Texas, counsel is mandatory in capital habeas proceedings and counsel is appointed with sufficient to conduct both a record and non record investigation into the basis of the conviction and sentence of death.   In this case, Harris County records suggests that habeas counsel began his review of the appellate record six weeks prior to filing a writ in a death penalty case in which he simply rehashed claims filed on direct appeal.

In *Ryan, supra,* the court stated that federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule.

The Court noted that the doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a

defaulted claim by showing cause for the default and prejudice from a violation of federal law. As *Coleman* recognized, this marks a key difference between initial-review collateral proceedings and other kinds of collateral proceedings. When an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim.  And if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims.

In *Ryan v, Martinez*, *supra*, the Court noted that the rules for when a prisoner may establish cause to excuse a procedural default are elaborated in the exercise of the Court's discretion. *McCleskey v. Zant,* 499 U.S. 467, 490, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); see also *Coleman, supra,* at 730-731, 111 S.Ct. 2546. These rules reflect an equitable judgment that only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default. See, *e.g., Strickler v. Greene,* 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

The Supreme Court hoped in *Ryan* that the State courts would appoint lawyers who were qualified to handle a post conviction death penalty case but that is not the case here.  The State appointed a man to represent Francois who spent six weeks with the record and conducted no investigation in preparation of the State habeas.  It is

apparent that he did not even read the record in this cause and conducted no outside investigation.

So while *Ryan v. Martinez* specifically applies to this case.  The State's assertion of procedural default should not apply. This Court should conduct a de novo review of his ineffective claim or abate the habeas proceedings and allow Petitioner to return to State court to exhaust any claims and allow him to file his state writ anew. This Court should be mindful that Texas law requires appointment of counsel, the State has a duty to ensure that counsel provides effective assistance during the initial collateral review of his death sentence pursuant to *Douglas supra*.

Respectfully submitted,

SCHNEIDER & McKINNEY, P.C.

  /S/ Stanley G. Schneider
STANLEY G. SCHNEIDER
TBN: 17790500
440 Louisiana
Suite 800
Houston, Texas 77002
713-951-9994
FAX 713-224-6008

ATTORNEY FOR PETITIONER

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the attached and foregoing document has been served on the Assistant Attorney General assigned to this case by Electronic Filing to the Office of the Attorney General on this 25th day of June, 2012.


      /S/ Stanley G. Schneider

STANLEY G. SCHNEIDER