<u>Supplement to Exhibit 4</u>

The Agreed Judgment of Public Reprimand
Cause No. O5-CV-140898
240th Judicial District Court
Fort Bend County, Texas

CAUSE NO. 05-CV-140898

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § § § | IN THE DISTRICT COURT OF |
| Petitioner, | § § | |
| VS. | § § § | FORT BEND, TEXAS |
| JAMES S. CROWLEY, | § § | |
| Respondent. | § | 240th JUDICIAL DISTRICT |

## AGREED JUDGMENT OF PUBLIC REPRIMAND

On the 26th day of May, 2006, came to be heard the above-entitled and numbered cause with the Honorable Steven Williams presiding pursuant to his appointment by the SUPREME COURT OF TEXAS as set forth in Rule 3.02 of the TEXAS RULES OF DISCIPLINARY PROCEDURE. Petitioner, the COMMISSION FOR LAWYER DISCIPLINE (hereinafter referred to as the "CFLD"), by and through its attorney of record, Audrie L. Lawton, Assistant Disciplinary Counsel, Office of the Chief Disciplinary Counsel, STATE BAR OF TEXAS, and Respondent, JAMES S. CROWLEY (hereinafter referred to as "Respondent"), Texas Bar Number 05170200, Pro se, announced to the Court that the parties agree and stipulate that judgment should be entered in this case as set forth in this *Agreed Judgment of Public Reprimand*. The Court, after considering the pleadings on file in this disciplinary action, is of the opinion that the agreement of the parties is just and equitable, and that final judgment should be entered in accordance thereof and as set forth herein.

Respondent is an attorney licensed to practice law in Texas and is a member of the STATE BAR OF TEXAS. Respondent's principal place of practice is Fort Bend County, Texas. Therefore,

this Court has jurisdiction over the parties and subject matter of this case, and venue is appropriate in Fort Bend County, Texas.

The Court finds and concludes, as stipulated by the parties, that Respondent has committed professional misconduct as defined by Rule 1.06V of the TEXAS RULES OF DISCIPLINARY PROCEDURE and in violation of Rule 1.01(b)(1), 1.01(b)(2) and 1.03(a) of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT, Article X, Section 9, of the STATE BAR RULES. Accordingly, the CFLD is entitled to judgment against Respondent as prayed in the current *Disciplinary Petition* on file in this case.

**IT IS AGREED AND THEREFORE ORDERED, ADJUDGED, and DECREED** in accordance with the factors set forth in Rule 3.10 of the TEXAS RULES OF DISCIPLINARY PROCEDURE that the proper discipline of Respondent for each act of professional misconduct as found in this case is a public reprimand. Respondent consents to the rendition and entry of this *Agreed Judgment of Public Reprimand*.

**IT IS AGREED AND THEREFORE ORDERED** that Respondent pay reasonable and necessary attorneys' fees and costs in the amount of Six Hundred Four and 50/100 Dollars ($604.50). All payments are to be remitted to the STATE BAR OF TEXAS, Office of the Chief Disciplinary Counsel, 600 Jefferson, Suite 1000, Houston, Texas 77002, by money order, certified check, or cashier's check. Respondent shall pay all attorneys' fees and costs contemporaneously with the signing of this *Judgment*.

**IT IS FURTHER AGREED AND THEREFORE ORDERED** that this reprimand is to be made a matter of public record and shall be appropriately recorded in accordance with the TEXAS RULES OF DISCIPLINARY PROCEDURE.

**IT IS AGREED AND THEREFORE ORDERED** that the Clerk of this Court shall forward a certified copy of the current *Disciplinary Petition* on file in this case, along with a copy of this *Judgment* to the following: (1) Clerk of the SUPREME COURT OF TEXAS, Supreme Court Building, Austin, Texas 78711; and (2) Respondent 4410 Texas Trail, Sugar Land, Texas 77479.

**IT IS FURTHER AGREED AND THEREFORE ORDERED** that the Clerk of this Court shall forward two (2) certified copies of the current *Disciplinary Petition* on file in this case along with two (2) copies of this *Judgment* to Audrie L. Lawton, Assistant Disciplinary Counsel, Office of the Chief Disciplinary Counsel, STATE BAR OF TEXAS, 600 Jefferson, Suite 1000, Houston, Texas 77002.

By the signatures of Respondent and all counsel of record, it is shown that this *Agreed Judgment of Public Reprimand* is agreed to by the parties pursuant to Rule 11 of the TEXAS RULES OF CIVIL PROCEDURE, both as to form and substance.

**IT IS ORDERED** that all costs of court incurred in the prosecution of this lawsuit shall be taxed against Respondent, for which the Clerk may have execution if they are not timely paid.

All relief not expressly granted in this *Agreed Judgment of Public Reprimand* is **DENIED**.

SIGNED this 26th day of May, 2006.

_____
HONORABLE STEVEN WILLIAMS

*Agreed Judgment of Public Reprimand 05-CV-140898; James S. Crowley*    Page 3

FILED
2006 JUN -8 PM 2: 21
CLERK DISTRICT COURT
FT. BEND CO. TX

APPROVED AS TO BOTH
FORM AND SUBSTANCE:

STATE BAR OF TEXAS
*Office of the Chief Disciplinary Counsel*

JOHN A. NEAL
Chief Disciplinary Counsel

*[signature]*

AUDRIE L. LAWTON
Assistant Disciplinary Counsel
State Bar No. 24036953
600 Jefferson, Suite 1000
Houston, Texas 77002
Phone: (713) 758-8200
Fax: (713) 758-8292

ATTORNEYS FOR PETITIONER,
COMMISSION FOR LAWYER DISCIPLINE

APPROVED AS TO BOTH
FORM AND SUBSTANCE:

*[signature]*

JAMES S. CROWLEY
Respondent, Pro se
State Bar No. 05170200
4410 Texas Trail
Houston, Texas 77479
Phone: (713) 225-5454
Fax: (713) 227-2922

CAUSE NO. 05-CV-140898

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § | IN THE DISTRICT COURT OF |
| Petitioner, | § § § | |
| vs. | § § | FORT BEND COUNTY, TEXAS |
| JAMES S. CROWLEY, | § § | |
| Respondent. | § | 140th JUDICIAL DISTRICT |

### CONSENT TO JUDGMENT

In connection with the charges of professional misconduct filed against me, I hereby consent to entry of the *Agreed Judgment of Public Reprimand* in the form submitted to me.

SIGNED this 2*/* day of May, 2006.

_____
JAMES S. CROWLEY
State Bar No. 05170200

STATE OF TEXAS           §
                         §
COUNTY OF FORT BEND      §

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared **JAMES S. CROWLEY**, known to me to be the person whose name is subscribed to the foregoing instrument, and being by me first duly sworn, acknowledged to me that the same was executed for the purposes and considerations therein expressed, and the *Agreed Judgment of Public Reprimand* is true in every respect.

GIVEN UNDER my hand and seal of office this 2nd day of May, 2006.

[Notary seal: LAURA L. MORADO, Notary Public, State of Texas, My Commission Expires June 08, 2009]

_____
Notary Public in and for the State of Texas

*Agreed Judgment of Public Reprimand/05-CV-140898; James S. Crowley*                    Page 5

FILED
2006 JUN -8 PM 2:21

_____
CLERK DISTRICT COURT
FT. BEND CO. TX

COPY

CAUSE NO. 05-CV-140898

| | |
|---|---|
| COMMISSION FOR LAWYER DISCIPLINE<br>Petitioner,<br>v.<br>JAMES S. CROWLEY<br>Respondent. | IN THE CIVIL DISTRICT COURT<br><br>OF FORT BEND COUNTY, TEXAS<br><br>240 JUDICIAL DISTRICT |

## PETITIONER'S ORIGINAL DISCIPLINARY PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Petitioner, the COMMISSION FOR LAWYER DISCIPLINE (hereinafter referred to as "Petitioner"), a committee of the STATE BAR OF TEXAS, complaining of Respondent, JAMES S. CROWLEY (hereinafter referred to as "Respondent"), Texas Bar Card No. 05170200, and would respectfully show unto the Court the following:

### DISCOVERY DECLARATION

1. Pursuant to Rules 190.1 and 190.3, TEXAS RULES OF CIVIL PROCEDURE (TRCP), Petitioner intends discovery in this case to be conducted under the Level 2 Discovery Control Plan, as Petitioner seeks relief that is considered an exception to TRCP 190.2. TRCP 190.2(b)(3).

### NATURE OF PROCEEDING

2. Petitioner brings this disciplinary action pursuant to the STATE BAR ACT, TEXAS GOVERNMENT CODE ANNOTATED §81.001, et seq. (Vernon 1988 and supp. 1994); the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT; and the TEXAS RULES OF DISCIPLINARY PROCEDURE.

### PARTIES

3. Petitioner COMMISSION FOR LAWYER DISCIPLINE is a permanent committee of the State Bar of Texas.

4. Respondent JAMES S. CROWLEY is a licensed attorney and a member of the State Bar of Texas. He may be served citation by service at his principal place of practice, 4410 Texas Trail, Sugar Land, TX 77479.

FILED
2005 JAN 31 PM 1: 57

Glory Hopkins
CLERK DISTRICT COURT
FORT BEND CO., TX

## VENUE AND JURISDICTION

5. As Respondent's principal place of practice is Fort Bend County, Texas, venue is appropriate in Fort Bend County, Texas, pursuant to Rule 3.03 of the TEXAS RULES OF DISCIPLINARY PROCEDURE.

6. Venue is proper as there is no mandatory venue requirements for this disciplinary action to commence elsewhere exist. CPRC Chapter 15, generally.

7. Jurisdiction is proper as relief sought is within this Court's jurisdiction and no other Court has exclusive jurisdiction for the causes of action asserted.

## FACTS

8. Respondent is an attorney licensed to practice law in Texas and is a member of the State Bar of Texas.

9. The Chief Disciplinary Counsel of the State Bar of Texas has incurred reasonable attorney fees and direct expenses associated with the proceedings of this matter, which should be paid by Respondent.

10. On or about June 6, 2003, Respondent was appointed to handle the appeal for Defendant George S. Guo ("Complainant") in Cause No. 0032362; *The State of Texas v. George S. Guo*; In the 268th Judicial District Court of Fort Bend County, Texas. The appellate style is Cause No. 13-03-00063-CR; Guo v State of Texas; In the 13th Court of Appeal

11. The reporter's record for Complainant's appeal was filed on or about September 5, 2003. By operation of law, the Appellant's brief was due on or about October 6, 2003. TRAP 38.6(a)(2).

12. Respondent admittedly failed to timely file Appellant's brief on or before October 6, 2003, stating that "I was occupied with several other legal matters."

13. Respondent admittedly failed to file a Motion to Extend Time to file Appellant's brief on or before October 21, 2003. TRAP 10.5(b)(1).

14. Respondent failed to apprise Complainant regarding the status of his appeal during the pendency of such, nor did Respondent inform Complainant that he failed to timely file

Appellant's brief (or Motion for Extension of Time to File Appellant's Brief) from October 2003 – March 2004.

15. Complainant sent two written correspondences to Respondent in or around March 2004 demanding that Respondent file the exceedingly late Appellant's brief in the aforementioned criminal appeal.

16. On or about March 12, 2004, Respondent filed a Motion to Extend Time to File Appellant's Brief with the 13th Court of Appeals. That time was extended to April 8, 2004.

17. Respondent did not file Appellant's Brief in Cause 13-03-00063-CR with the 13th Court of Appeals until April 29, 2004.

### ADOPTION BY REFERENCE

18. Except as expressly set forth or implied by context, all statements set forth in each paragraph of this pleading are adopted by reference and incorporated into each and every section and paragraph of this pleading for purposes of providing fair notice of Petitioner's allegations in this disciplinary action.

### RULE VIOLATION

19. Petitioner herein incorporates paragraphs 8-17 as evidence so as to place Respondent on notice of the factual basis for the rule violations asserted below. The acts of commission and/or omission by Respondent constitute conduct violative of any and/or all of the following Rules of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT:

- 1.01(b)(1) [in representing a client, neglecting a legal matter entrusted to the lawyer];

- 1.01(b)(2) [in representing a client, frequently failing to carry out completely the obligations owed to a client or clients];

- 1.01(c) ["neglect" signifies inattentiveness involving a conscious disregard for the responsibilities owed to a client or clients];

- 1.03(a) [failing to keep a client reasonably informed about the status of a matter and failing to promptly comply with reasonable requests for information]; and

- 1.03(b) [failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation].

## RELIEF SOUGHT

20. Petitioner seeks a finding of misconduct of the Texas Disciplinary Rules of Professional Conduct and requests that this Court discipline Respondent by imposing sanctions including, but not limited to reprimand, suspension or disbarment. Additionally, Petitioner also seeks any and all such appropriate and additional relief as determined by the trier of fact upon a favorable finding for Petitioner. TDRCP 3.01(f).

21. The Chief Disciplinary Counsel of the State Bar of Texas has incurred reasonable attorney fees and direct expenses associated with the preliminary proceedings of this particular matter and will continue to incur such costs and expenses prosecuting this disciplinary matter. Petitioner requests that Respondent pay taxable costs and expenses upon a favorable finding by the trier of fact for Petitioner.

## PRAYER

THEREFORE, Petitioner the COMMISSION FOR LAWYER DISCIPLINE respectfully prays that this Court discipline Respondent as the facts shall warrant by finding professional misconduct with regard to the above-stated rule violation and imposing a sanction including, but not limited to reprimand, restitution, suspension and/or disbarment; and that the CFLD have all other relief to which it may show itself to be justly entitled, including costs of court, and attorneys' fees.

Respectfully submitted,

STATE BAR OF TEXAS
*Office of the Chief Disciplinary Counsel*
DAWN MILLER
Chief Disciplinary Counsel

*[signature: Jeannette Duer]*

JEANNETTE M. DUER
Assistant Disciplinary Counsel
State Bar No. 00793645
1111 Fannin, Suite 1370
Houston, Texas 77002
Phone:   (713) 759-6931
Fax:     (713) 752-2158
ATTORNEYS FOR PETITIONER,
COMMISSION FOR LAWYER DISCIPLINE